## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| JAMES SANCHEZ and<br>RISING STAR ROOFING, LLC AS<br>ASSIGNEE OF JAMES SANCHEZ,<br><br>Plaintiffs,<br><br>vs.<br><br>LIBERTY MUTUAL PERSONAL<br>INSURANCE COMPANY<br><br>Defendant. | Civil Action No. _____ |

## NOTICE OF REMOVAL

Defendant Liberty Mutual Personal Insurance Company ("Liberty Mutual") hereby gives notice, pursuant to 28 U.S.C. §§ 1441 and 1446, of the removal to this Court of the action commenced against it identified below, which is currently pending in the Superior Court J.D. of Hartford at Hartford. Removal is appropriate because there is complete diversity between all properly joined parties and the amount in controversy exceeds the sum or value of $75,000.00. Therefore, this Court has original jurisdiction pursuant to 28 U.S.C. § 1332.

## THE ACTION

1. Liberty Mutual is named in a suit filed by Plaintiffs James Sanchez ("Sanchez") and Rising Star Roofing, LLC as Assignee of James Sanchez ("Rising Roof") (collectively, "Plaintiffs") in the Superior Court J.D. of Hartford at Hartford, captioned *James Sanchez et al v. Liberty Mutual Personal Insurance Company*, Docket No. HHD-CV25-6213426-S (the "State Court Action"). *See* **Exhibit A** – Complaint.

2. According to the state court docket, Plaintiffs filed the Complaint on or around October 27, 2025. *See* **Exhibit B** – State Court Docket

3. Thereafter, on or around, October 20, 2025, Liberty Mutual received a summons and copy of the Complaint in the State Court Action via its registered agent. *See* **Exhibit C** – Return of Service.

## PROCEDURAL REQUIREMENTS FOR REMOVAL

4. Removal is timely as Liberty Mutual removed the State Court Action to this Court within the statutorily defined time period for removal. *See* 28 U.S.C. § 1446(b)(1) (requiring that removal take place "within 30 days after receipt by the defendant…of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based…"). Liberty Mutual was not served with the summons and complaint until October 20, 2025. *See* Ex. C.

5. Liberty Mutual has not filed any pleadings or papers in the State Court Action, and the time for Liberty Mutual to answer, move to dismiss, or otherwise respond to Plaintiffs' Complaint has not expired. *See* Conn. Prac. Book §10-8 ("Commencing on the return day of the writ, summons and complaint in civil actions, pleadings, including motions and requests addressed to the pleadings, shall advance within thirty days from the preceding pleading or the filing of the decision of the judicial authority thereon if one is required . . . .")

6. Liberty Mutual is not required to obtain the consent of any other party as it is the sole defendant in the instant action. *See* 28 U.S.C. § 1446(b)(2)(A).

7. The United States District Court for the District of Connecticut embraces the county in which the State Court Action was filed. Accordingly, venue is proper under 28 U.S.C. §§ 101 and 1446(a).

8. Pursuant to 28 U.S.C. § 1446(a), Liberty Mutual will file certified copies of all pleadings, records, orders and proceedings from the Superior Court J.D. of Hartford at Hartford with this Court. Contemporaneous with the filing of this Notice, Liberty Mutual will provide notice to Plaintiffs and the Superior Court J.D. of Hartford at Hartford of this Removal. *See* **Exhibit D** – Notice of Filing of Notice of Removal.

### STATEMENT OF STATUTORY BASIS FOR JURISDICTION

9. This Action is within the original jurisdiction of the United States District Court pursuant to 28 U.S.C. § 1332 because the properly joined parties to this Action are citizens of different states and the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332 provides, in pertinent part, that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between…citizens of different states." 28 U.S.C. § 1332. This Action satisfies both of these statutory requirements.

    **A.** **The Parties properly joined in this Action are completely diverse.**

10. Upon information and belief, Plaintiff Sanchez is a citizen of Connecticut with an address of 370 Freeman Street in Hartford, Connecticut. *See* Ex. A, p. 1.

11. Upon information and belief, Plaintiff Rising Star Roofing, LLC is a corporation incorporated in the state of Connecticut with a business address of 2600 Douglas Road, PF 7, Coral Gables, FL 33134.

12. Defendant Liberty Mutual is a corporation incorporated in the State of Massachusetts with a principal place of business at 175 Berkeley Street, Boston, MA 02116. Accordingly for purposes of a diversity of citizenship analysis, Liberty Mutual is a citizen of

Massachusetts. *See* 28 U.S.C. 1332(c) (stating that a corporation is deemed to be a citizen of the state in which it is incorporated or in which it maintains its principal place of business).

13. Because Plaintiffs are citizens of Connecticut and Florida and Defendant is a citizen of Massachusetts, complete diversity of citizenship exists between the parties

**B.     The amount in controversy exceeds $75,000.00.**

14. In calculating the amount in controversy, the Court should consider the total amount of monetary relief that Plaintiff seeks to recover, or the financial impact the relief sought would have on the Defendants. *See Richard C. Young & Co. v. Leventhal*, 389 F.3d 1, 3 (1st Cir. 2004) (The amount is measured by "the judgment's pecuniary consequences to those involved in the litigation."). Further, "it has long been the rule that a court decides the amount in controversy from the face of the complaint, 'unless it appears or is in some way shown that the amount stated in the complaint is not claimed in good faith.'" *Coventry Sewage Associates v. Dworkin Realty Co.*, 71 F.3d 1, 5 (1st Cir. 1995) (*quoting Horton v. Liberty Mutual Ins. Co.*, 367 U.S. 348, 353 (1961)).

15. In the Complaint, Plaintiff seeks punitive and compensatory damages against Defendant. Specifically, Plaintiff seeks damages for Liberty Mutual's alleged breach of contract, violations of CUTPA/CUIPA, and bad faith related to Plaintiffs' property insurance policy and subsequent property damage. *See* Ex. A, *generally*. Accordingly, the amount in controversy, as determined "from the face of the complaint" is at least $75,000. Such amount satisfies the statutory requirement set forth in 28 U.S.C. § 1332.

## CONCLUSION

16. Based on the foregoing, both jurisdictional requirements of 28 U.S.C. § 1332 are satisfied. Accordingly, this Court has jurisdiction over this Action.

4897-3963-4810 v.1

17. If any questions arise as to the proprietary of the removal of this matter, Liberty Mutual requests the opportunity to submit briefs and be heard at oral argument in support of its position that removal is proper.

18. WHEREFORE, Liberty Mutual respectfully requests that this Court assume jurisdiction over this matter and that no further proceedings be held in Superior Court J.D. of Hartford at Hartford.

                                                Respectfully submitted,

                                                Liberty Mutual Personal Insurance Company

                                                By its attorney,

                                                */s/ Kevin P. Polansky*
                                                  Kevin P. Polansky, Esq. (434359)
                                                  kevin.polansky@nelsonmullins.com
                                                 Nelson Mullins Riley & Scarborough LLP
                                                 One Financial Center, Suite 3500
                                                 Boston, MA  02111
                                                 Tel. (617) 217-4700

Dated: November 18, 2025                   Fax (617) 217-4710

## **CERTIFICATE OF SERVICE**

      I, Kevin P. Polansky, hereby certify that on November 18, 2025, I caused a copy of the foregoing document to be served upon the following parties and counsel of record by first class mail, postage prepaid:

*Plaintiffs:*

Brianna K. Robert
Jon D. Biller
Biller, Sachs & Robert
46 S. Whittlesey Avenue
Wallingford, CT 06492
Phone No.: (203) 281-1717
Juris No.: 409077
attorneys@billerlawgroup.com
brobert@billerlawgroup.com

                                                  */s/ Kevin P. Polansky*
                                                  Kevin P. Polansky

4897-3963-4810 v.1